IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD LESLEY AMES, JR.                                                                    PLAINTIFF

v.                                    Civil No. 5:23-cv-05172-TLB-MEF

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas; and
MEGAN RUTLEDGE,
Benton County Detention Center                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against Sheriff Shawn

Holloway and Megan Rutledge.   Plaintiff is being detained at the Benton County Detention

Center ("BCDC").   Plaintiff is proceeding *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L.

Brooks, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.   The case is before the Court for preservice screening of

the Amended Complaint (ECF No. 7) under 28 U.S.C. § 1915A.   Pursuant to § 1915A, the Court

must screen any complaint in which a prisoner seeks redress from a governmental entity or officer

or employee of a governmental entity.

## I.       BACKGROUND

According to the allegations of the Amended Complaint (ECF No. 7), from August until

October of 2023, every time Plaintiff tried to report having been sexually assaulted through the

request or grievance procedure, Defendant Rutledge redirected the document and would not allow

Plaintiff to speak with an officer or detective.   *Id.* at 4.   Because of this, Plaintiff says his

statement was not taken by a detective until the day he filed this lawsuit.   *Id.*   Plaintiff believes

1

the "officers" are trying to cover up the sexual assault.  *Id.* at 5.  As a result, Plaintiff indicates

he is suffering from severe mental health issues.  *Id.*  Plaintiff alleges Defendant Holloway "is

the supervisor of this jail [and] by not checking upon what his employees are doing is assisting in

this cover up."  *Id.*  Plaintiff states this conduct has made him no longer trust law enforcement.

*Id.*

Plaintiff does not believe any one party should have the right to determine if he may use

the grievance procedure.  (ECF No. 7 at 5).  Further, he believes that if he were a female the issue

would have been taken more seriously.  *Id.*

As relief, Plaintiff seeks compensatory and punitive damages.  (ECF No. 7 at 9).  He also

requests that Defendant Rutledge be fired, and that a less easily manipulated grievance procedure

be installed.  *Id.*

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being

issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

than to vindicate a cognizable right.  *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer*

*v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).  A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).   However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

#### A.   Defendant Holloway

"Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)).   Thus, to state a cognizable §1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

Merely because Defendant Holloway is the Sheriff of Benton County does not make him personally liable for everything that occurs at the BCDC.   There is no suggestion in the record that Defendant Holloway was aware of the alleged sexual assault or of Defendant Rutledge's alleged manipulation of the request/grievance procedures.   Without some personal involvement, Defendant Holloway cannot be held liable in his individual capacity under § 1983.  *See, e.g., Mark*

3

*v. Nix*, 983 F.2d 138, 13940 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility).  No plausible individual capacity claim has been stated against Defendant Holloway.

### B.       Official Capacity Claim

An official capacity claim is considered a claim against the employing governmental entity, here, Benton County.  *Crawford v. Van Buren Cty.*, 678 F.3d 666, 669 (8th Cir. 2012).  "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise."  *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted).

Here, when Plaintiff was asked to describe the custom, policy, or widespread practice that he believed caused the violation of his constitutional rights, he merely stated that he did not feel that any one person should have the right to determine if he could use the grievance procedure. (ECF No. 7 at 5).   He also stated that he believed the assault would have been taken more seriously if he had been female.  This falls far short of alleging the existence of a policy, custom, or widespread practice which is required to assert a plausible claim against Benton County.  No plausible official capacity claim is stated.

### IV.       CONCLUSION

For these reasons, it is recommended that:

- all claims against Defendant Holloway be dismissed; and

- the official capacity claims against Defendant Rutledge be dismissed.

This leaves for later resolution the individual capacity claims against Defendant Rutledge.

4

By separate order the Amended Complaint will be served on Defendant Rutledge.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 9th day of November 2023.

/s/  *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

5